956 F.2d 1163
 58 Fair Empl.Prac.Cas. (BNA) 336, 2 A.D. Cases 656
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Vaile F. WALDERS, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee,
Equal Employment Advisory Council, Amicus Curiae.
 No. 91-1689.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 6, 1991.
Decided March 2, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-90-785-A)
 Argued: William Lee Bransford, Neill & Shaw, Washington, D.C., for appellant; Anne Margaret Brennan, Assistant Counsel, Naval Sea Systems Command, Department of the Navy, Washington, D.C., for appellee.
 On Brief: Diana J. Veilleux, Neill & Shaw, Washington, D.C., for appellant; Richard Cullen, United States Attorney, Dennis E. Szybala, Assistant United States Attorney, Alexandria, Va., for appellee; Robert E. Williams, Douglas S. McDowell, Ann Elizabeth Reesman, McGuiness & Williams, Washington, D.C., for amicus curiae.
 E.D.Va., 765 F.Supp. 303.
 AFFIRMED.
 Before WIDENER and HAMILTON, Circuit Judges, and DENNIS W. SHEDD, United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Vaile Walders, a former civilian employee of the Department of the Navy ("the Navy"), commenced this action under the Rehabilitation Act of 1973 ("the Act"), 29 U.S.C. §§ 701 et seq., claiming that the Navy discriminated against her by terminating her employment and failing to offer reasonable accommodation for her handicapping condition--Chronic Fatigue Immune Dysfunction Syndrome. Following a two-day bench trial, the district court filed a thorough and wellreasoned opinion detailing its findings of fact and conclusions of law, in which the district court ruled in favor of the Navy. Walders v. Garrett, 765 F.Supp. 303 (E.D.Va.1991).
 
 
 2
 In its opinion the district court found that reasonably regular attendance was an "essential function" of Walders' job and that Walders was unable to perform this essential function even with reasonable accommodation. The district court therefore concluded that Walders was not an "otherwise qualified handicapped individual" for purposes of establishing a prima facie case of handicap discrimination under the Act. The district court also found that the Navy satisfied its burden of demonstrating that any further accommodation other than that already provided to Walders would constitute an undue hardship. This appeal followed.
 
 
 3
 On appeal, Walders argues that the district court erred in finding that reasonably regular attendance was an essential function of her job because this requirement was not set forth in her written position description. Walders also argues that the district court erred in finding that she was not an "otherwise qualified handicapped employee" for purposes of the Act because the evidence demonstrated that despite her absences, she was able to meet all of the performance requirements stated in her job description and measured in her performance standards. Finally, Walders argues that the district court erred in finding that the Navy met its burden of proving that the accommodation she sought was not reasonable because it would impose an undue hardship.
 
 
 4
 Our review of the judgment below is under the limited standard of Rule 52(a) of the Federal Rules of Civil Procedure, which provides that the district court's findings of fact during a bench trial shall not be set aside unless clearly erroneous. We may reverse the district court's findings only if we conclude that the ultimate determinations were induced by an erroneous view of the controlling legal standard, are not supported by substantial evidence, were made without properly taking into account substantial evidence to the contrary, or are against the clear weight of the evidence as a whole. Dwyer v. Smith, 867 F.2d 184, 187 (4th Cir.1989). This standard applies even when the finding resolves the ultimate issue of the case, such as whether there has been discrimination. Id. See also Alvarado v. Board of Trustees of Montgomery Community College, 928 F.2d 118, 120 (4th Cir.1991). Of course, we review the legal conclusions reached by the district court de novo. United States v. Reid, 929 F.2d 990, 992 (4th Cir.1991).
 
 
 5
 After carefully considering the record and oral arguments under the above standard, we find that the district court correctly ruled that the Navy did not violate the Act by terminating Walders from employment. Therefore, we adopt the reasoning of the district court and affirm the judgment below.
 
 
 6
 AFFIRMED.