# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1475

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal From the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Marquette Scott Walterman, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 15, 2005
Filed: May 27, 2005

_____

Before MELLOY, HEANEY, and FAGG, Circuit Judges.

_____

HEANEY, Circuit Judge.

Marquette Scott Walterman appeals the district court's imposition of a 168-month sentence for his drug conviction. We affirm.

On June 13, 2002, Walterman pleaded guilty to one count of conspiracy to manufacture and distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. The district court sentenced Walterman to 262 months of imprisonment after finding that Walterman was a career offender as defined by United States Sentencing Guideline section 4B1.1. Walterman appealed, arguing that 1) the district court erred in its application of the career offender enhancement, and

2) the district court was unaware that it could depart downward from Walterman's guideline sentence. We agreed with Walterman on his first claim, and "remand[ed] for resentencing without application of the career offender enhancement." United States v. Walterman, 343 F.3d 938, 943 (8th Cir. 2003).

On remand, the parties agreed that there were no outstanding factual issues, and Walterman presented no relevant objections to the revised presentence report. Consistent with our mandate, the district court did not apply the career offender enhancement. Walterman sought and received a sentence of 168 months of imprisonment, the lowest sentence permitted under his guideline range. Nonetheless, Walterman again appealed his sentence. First, his attorney filed an Anders[1] brief suggesting that the district court's drug quantity determination was plainly erroneous because it rested on unreliable testimony. Counsel then filed a second brief, arguing that Walterman's sentence violated Blakely v. Washington, 124 S. Ct. 2531 (2004), because the district court enhanced his sentence based on conduct not admitted or proven to a jury. Walterman did not advance such a claim before the district court during his first sentencing proceeding, in his first appeal, or in his second sentencing proceeding.

We decline to address Walterman's new arguments in this subsequent appeal. Our prior remand was limited to permit resentencing without application of the erroneously-applied career offender enhancement. Where a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration. United States v. Logan, 333 F.3d 876, 878 (8th Cir. 2003); United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999). Moreover, Walterman never brought this court's attention to any issue related to the enhancements, which he now contends warrant reversal of a sentence imposed without objection. "A defendant does not receive a second chance to support an

_____

[1]Anders v. California, 386 U.S. 738 (1967).

argument he failed to support in a first appeal simply because he is resentenced." United States v. Stuckey, 255 F.3d 528, 531 (8th Cir. 2001); see also United States v. Kress, 58 F.3d 370, 373 (8th Cir. 1995) ("Where a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter."). Having found no remaining issues of merit, we affirm the district court's 168-month sentence.

_____