# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2578

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Ramiro R. Urbina, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: October 31, 2007
Filed: November 8, 2007

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ramiro Urbina challenges the district court's[1] amended judgment resentencing him to 360 months in prison and 5 years of supervised release. In a prior decision, we affirmed Urbina's conviction, and remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On this appeal, in a brief filed under Anders v. California, 386 U.S. 738 (1967), Urbina's counsel challenges the length of Urbina's prison term, and makes a conclusory allegation that Urbina has been the victim of prosecutorial vindictiveness and selective law enforcement. In his pro se brief, Urbina

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

contends that corruption pervaded every aspect of his criminal proceeding, and he focuses on the injustice of the denial of his motion to suppress.

Following careful review, we conclude that the district court did not impose an unreasonable sentence. See United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005). Moreover, the denial of Urbina's motion to suppress was resolved against him during his first appeal, and he may not revisit the suppression ruling or any aspect of his conviction here. See Urbina, 431 F.3d at 309-10; United States v. Walterman, 408 F.3d 1084, 1086 (8th Cir. 2005); United States v. Behler, 187 F.3d 772, 776-77 (8th Cir. 1999).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75 (1988), we have found no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

_____