# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3302

_____

United States of America,

                Appellee,

        v.

Vernon Dale Wood,

                Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: April 15, 2010
Filed:  May 17, 2010

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

This is Vernon Dale Wood's second appeal of his sentence.  A jury convicted Wood of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and being a felon in possession of ammunition, *see* 18 U.S.C. § 921(g)(1).  At his first sentencing, the parties disputed (1) whether Wood's prior felony convictions for walkaway escape and compelling prostitution each qualified as a "violent felony" under the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4 (providing in cases such as this one that the offense level for an armed career criminal is the greater of the offense level from Chapters Two and Three, or level 34); (2) whether a four-level enhancement to Wood's base offense level was

appropriate under U.S.S.G. § 2K2.1(b)(6) because Wood possessed a firearm in connection with another felony offense; and (3) whether a two-level enhancement was warranted under U.S.S.G. § 3C1.1 for obstruction of justice based on the Government's claim that Wood perjured himself at trial. Based on the law of our circuit at the time, the district court[1] found that Wood's walkaway escape and compelling prostitution convictions qualified as violent felonies and that Woods should be sentenced as an armed career criminal. The district court recognized that "the obstruction and the commission of another felony [enhancements] are irrelevant if he's an armed career criminal" because even with these enhancements Wood's offense level under Chapters 2 and 3 of the Guidelines was less than 34. The court nevertheless ruled on the two potential enhancements, saying "I don't know if this will be an issue on appeal, but I'll give it to you in case you have something. If I'm wrong on the armed career criminal, I think I need to address this." The district court then found that Wood possessed the firearm in connection with another felony offense under § 2K2.1(b)(6), but denied the § 3C1.1 obstruction of justice enhancement. The district court sentenced Wood to 280 months' imprisonment, after determining an advisory sentencing guidelines range of 262 to 327 months based on Wood's status as an armed career criminal. The district court also imposed special supervised release conditions, including requiring Wood to register as a sex offender, banning Wood from accessing the internet without consent and monitoring from the probation office, and prohibiting Wood from having unmonitored contact with children.[2]

Wood appealed only the district court's finding that he qualified as an armed career criminal. While that appeal was pending, the U.S. Supreme Court decided

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

[2]Among other convictions, Wood's criminal history includes a 1989 conviction for sexual abuse of a child, a 2001 conviction for failing to register as a sex offender, and a 2003 conviction for supplying alcohol to minors.

*Chambers v. United States*, 555 U.S. ---, 129 S. Ct. 687 (2009), holding that a failure to report for detention is not a violent felony within the meaning of the ACCA. The United States filed a motion in this court to remand Wood's case, stating that "[t]he sole issue in this case is whether Wood was properly sentenced as an [a]rmed [c]areer [c]riminal." Wood concurred in that motion. We then remanded his case to the district court "for resentencing in light of the Supreme Court's decision in [*Chambers*]."

On remand, the Government abandoned its argument that Wood was an armed career criminal. Turning to the original offense level calculation, Wood again challenged the four-level enhancement under § 2K2.1(b)(6). The district court interpreted our remand order as limiting the resentencing hearing to the issue of whether Wood qualified as an armed career criminal after *Chambers*. As a result, the district court refused to address anew the § 2K2.1(b)(6) enhancement. Including this enhancement, Wood's advisory guidelines range was 92 to 115 months. The district court sentenced Wood to 100 months' imprisonment and imposed the same special conditions of supervised release as it had at the initial sentencing.

In this appeal, Wood initially argues that the district court incorrectly interpreted our mandate as restricting his resentencing solely to the armed career criminal issue. On the merits, Wood argues that the district court lacked an evidentiary basis to support the § 2K2.1(b)(6) enhancement. Wood also argues that the conditions of his supervised release are greater deprivations of liberty than necessary to achieve the goals of 18 U.S.C. § 3583(d).

We conclude that Wood waived these sentencing issues when he failed to raise them in his first appeal. "A defendant does not receive a second chance to support an argument he failed to support in a first appeal simply because he is resentenced." *United States v. Walterman*, 408 F.3d 1084, 1086 (8th Cir. 2005) (quoting *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001)). "Where a party could have

-3-

raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter." *United States v. Kress*, 58 F.3d 370, 373 (8th Cir. 1995); *see also United States v. Palmer*, 297 F.3d 760, 767 (8th Cir. 2002). Indeed, at the resentencing the Government did not attempt to re-litigate the denial of the obstruction of justice enhancement, correctly recognizing that it waived the issue by failing to cross-appeal. Because Wood waived the underlying challenges to the four-level enhancement under § 2K2.1(b)(6) and to the special conditions of supervised release by failing to raise them in his initial appeal, we need not address the issue of whether the district court properly interpreted our mandate in the original appeal. We affirm Wood's sentence.

_____