**JEROME RAWLINS, Appellant/Defendant**

**v.**

**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2013-0026

Supreme Court of the Virgin Islands

November 26, 2013

KELE C. ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAUL J. PAQUIN, ESQ., Deputy Solicitor General, St. Thomas, USVI, *Attorney for Appellee.*[1]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(November 26, 2013)

HODGE, *Chief Justice*. Appellant Jerome Rawlins appeals from the Superior Court's April 15, 2013 Amended Judgment and Commitment. Since Rawlins has waived the only issues raised in his appellate brief, we affirm.

## I. STATEMENT OF RELEVANT FACTS AND PROCEDURAL POSTURE

Rawlins previously appealed to this Court for review of his convictions for driving under the influence of an intoxicating liquor, in violation of section 493(a)(1) of title 20 of the Virgin Islands Code, and operating a motor vehicle while having 0.08 percent or more by weight of alcohol in his blood, in violation of section 493(a)(2) of title 20. In a March 1, 2013 Opinion, we affirmed both of Rawlins's convictions, but remanded the matter for resentencing in accordance with section 104 of title 14. *See Rawlins v. People*, 58 V.I. 261, 276 (V.I. 2013).

On March 14, 2013, Rawlins filed a petition for rehearing with this Court, in which he argued, for the very first time, that section 493(b)(1) — which codifies the punishment for violating section 493(a)(1) — is unconstitutional because due process requires a hearing on fault and it allegedly imposes excessive fines in violation of the Eighth Amendment of the United States Constitution. Specifically, Rawlins noted that section 493(b)(1) mandates a $500 minimum fine "[i]f the person was involved in an accident violating subsection (a)," and argued that since he purportedly was not at fault for the accident that ensued, the statute purportedly punishes him more harshly for a factor not related to his culpability. This Court, in a March 15, 2013 Order, denied the petition because Rawlins

---

[1] Although counsel for the People of the Virgin Islands appeared in this matter, the People failed to timely file a brief, and did not move for an extension of time in which to do so.

"improperly use[d] his petition for rehearing as a vehicle to raise new arguments for the first time on rehearing." *Rawlins v. People*, S. Ct. Crim. No. 2011-0062, slip op. at 1-2 (V.I. Mar. 15, 2013) (unpublished). After this Court disposed of the rehearing petition, the Clerk of the Court issued the mandate on March 26, 2013.

On remand, the Superior Court held a sentencing hearing on April 2, 2013. At the hearing, Rawlins argued that the Superior Court should not sentence him for violating section 493(a)(1) for the same reasons set forth in his unsuccessful petition for rehearing. The Superior Court, noting that this Court had declined to consider this argument, re-sentenced Rawlins in accordance with our mandate by imposing a sentence for violating section 493(a)(1) — consisting of one year incarceration with all but 15 days suspended, a $500 fine, and various other conditions — and dismissing his conviction for violating section 493(a)(2).[2] Rawlins timely filed his notice of appeal on April 2, 2013, and the Superior Court memorialized its decision in its April 15, 2013 Amended Judgment and Commitment.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

Title 4, section 32(a) of the Virgin Islands Code gives this Court "jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." When the Superior Court re-sentences a defendant in a criminal case in response to a remand from this Court, the resulting amended judgment constitutes an appealable final judgment. *Williams v. People*, 58 V.I. 341, 347-48 (V.I. 2013).

"Generally, this Court exercises plenary review when a criminal defendant challenges the Superior Court's sentencing decision based

---

[2] Ordinarily, when the Superior Court sentences a defendant pursuant to section 104 of title 14, it stays execution of sentence for all but one of the pertinent offenses, and then dismisses the remaining offenses when the sentence on the offense that was not stayed has been fully served. *Williams v. People*, 56 V.I. 821, 834 n.9 (V.I. 2012). But as we explained in our prior opinion in the present matter, since Rawlins had already fully served his sentences for both charges, the proper procedure on remand was "to sentence Rawlins for only one offense, refund any excess fine that has been paid, and dismiss the remaining count." *Rawlins*, 58 V.I. at 276.

solely on application of legal precepts." *Id.* at 350 (citing *Cheatham v. People*, S. Ct. Crim. No. 2008-0026, 2009 V.I. Supreme LEXIS 22, at \*4 (V.I. Mar. 27, 2009) (unpublished)). However, when a litigant could have raised an issue during an appeal of an earlier final judgment — yet did not — this Court will not consider that same issue as part of a second appeal. *See, e.g., Khalil v. Guardian Ins. Co.*, 59 V.I. 892, 894 (V.I. 2013) (citing *Jack v. United States*, 341 F.3d 273, 275 (10th Cir. 1965)).

## B. Waiver

In his appellate brief, which raises the same arguments as — and in many sections is word-for-word identical to — his March 14, 2013 petition for rehearing, Rawlins again contends that section 493(a)(1) is unconstitutional. However, we explained in our March 15, 2013 Order denying rehearing, Rawlins could have raised this argument in his initial appellate brief, but — for whatever reason — did not do so. And as the Superior Court correctly recognized, this Court's mandate directed it to do only one thing: re-sentence Rawlins in accordance with section 104 of title 14.

■ This Court has adopted the rule, albeit in civil cases, that an issue that could have been, but was not, asserted in a prior appeal is waived in a subsequent appeal. *See, e.g., Khalil*, 59 V.I. at 895; *see generally Simpson v. Golden*, 56 V.I. 272, 274-75 (V.I. 2012) (appeal of post-judgment attorneys' fees disposition did not permit review of underlying rulings where those issues should have been raised in a timely appeal on the merits). A majority of courts have held that this same principle holds true in a criminal case, and that when an appellate court remands a case for re-sentencing, the defendant is barred from raising — either on remand to the trial court or in a second appeal to the appellate court — any new arguments that are not directly related to the purpose of the remand. *See, e.g., United States v. Walterman*, 408 F.3d 1084, 1085-86 (8th Cir. 2005) ("Our prior remand was limited to permit resentencing without application of the erroneously-applied career offender enhancement. Where a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration."); *United States v. Pultrone*, 241 F.3d 306, 308 (3d Cir. 2001) ("At resentencing, the action taken by the District Court reflected only our direction that the statutory minimum sentence be imposed; because [the defendant] abandoned his appeal, no other aspect

of his conviction or sentence was at issue."); *United States v. Ticchiarelli*, 171 F.3d 24, 32 (1st Cir. 1999); *United States v. Marmolejo*, 139 F.3d 528, 530-31 (5th Cir. 1998) ("This case was remanded for resentencing. The fact that the appellate court did not expressly limit the scope of the remand order did not imply that a full blown sentencing hearing was permissible for a second time, allowing evidence on all issues that would affect the sentencing guidelines."); *United States v. Whren*, 111 F.3d 956, 960, 324 U.S. App. D.C. 197 (D.C. Cir. 1997) ("[U]pon a resentencing occasioned by a remand, unless the court of appeals expressly directs otherwise, the district court may consider only such new arguments or new facts as are made newly relevant by the court of appeals' decision — whether by the reasoning or by the result."); *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996) ("A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it."); *United States v. Stanley*, 54 F.3d 103, 108 (2d Cir. 1995) ("Our decision in *Stanley I* did not call for *de novo* resentencing. Instead, we identified a narrow issue for remand . . . . Thus, even if the district court reconsidered the § 2F1.1(b)(2) enhancement — a matter by no means clear from the record — it did so improperly."); *see also Corey v. United States*, 375 U.S. 169, 174, 84 S. Ct. 298, 11 L. Ed. 2d 229 & n.15 (1963) (on appeal from criminal judgment after initial imposition of sentence the appellate court "could have reviewed all claims of error in the trial proceedings, and its determination would have been final" and, where a second sentencing is thereafter undertaken, "[o]nly the final sentence which was later imposed would still have been open, under accepted procedures, to attack in the trial court and review on appeal.")

■ We agree with the reasoning of those cases, and therefore adopt the rule that "[a] defendant does not receive a second chance to support an argument he failed to support in a first appeal simply because he is resentenced." *United States v. Stuckey*, 255 F.3d 528, 531 (8th Cir. 2001). Such a rule not only establishes consistency between civil and criminal appeals in this Court, but "promotes predictability and finality by notifying parties of the matters that remain open on remand and committing the rest to final resolution." *United States v. Kennedy*, 682 F.3d 244, 253 (3d Cir. 2012). Importantly, we emphasize that our decision to prohibit a criminal defendant from raising a waived issue on remand for re-sentencing or as part of a second direct appeal would not

forever foreclose relief, since the defendant may still seek post-conviction relief, such as through a local or federal petition for writ of habeas corpus. *Simon v. Joseph*, 59 V.I. 611, 630 (V.I. 2013). Thus, we affirm the April 15, 2013 Amended Judgment and Commitment without considering Rawlins's constitutional arguments on the merits.

## III. CONCLUSION

■ Since Rawlins could have, but did not, raise his constitutional challenge to section 493(b)(1) as part of his original appeal, he cannot use our limited remand as a vehicle to reopen that waived issue. Accordingly, the Superior Court correctly declined to consider his argument on remand, and we affirm the April 15, 2013 Amended Judgment and Commitment.