**PEOPLE OF THE VIRGIN ISLANDS, Appellant/Plaintiff**

**v.**

**ASHANA POWELL, Appellee/Defendant**

S. Ct. Crim. No. 2011-0102

Supreme Court of the Virgin Islands

April 23, 2012

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellant.*[1]

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and ARLINGTON SWAN, *Associate Justice.*

## ORDER OF THE COURT

(April 23, 2012)

■ PER CURIAM. THIS MATTER comes before the Court on appeal by the People of the Virgin Islands from a judgment acquitting Appellee/Defendant Ashana Powell of three criminal charges upon which a jury had returned a verdict of guilty in a trial before the Superior Court on September 7, 2011. The present appeal by the People is authorized under 4 V.I.C. § 33(d)(1). *See, e.g., People v. Pratt*, 50 V.I. 318, 321 (V.I. 2008). Because the judgment of acquittal was rendered subsequent to a jury verdict convicting the defendant on these charges, the Double Jeopardy Clause does not bar reversal and remand for further proceedings. *Smith v. Massachusetts*, 543 U.S. 462, 467, 125 S. Ct. 1129, 160 L. Ed. 2d 914 (2005) ("the Double Jeopardy Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilty"); *United States v. Wilson*, 420 U.S. 332, 352-53, 95 S. Ct. 1013, 43 L. Ed. 2d 232 (1975) (same); *People v. Clarke*, 55 V.I. 473, 477 (V.I. 2011) (same). Upon a review of the record and the briefing filed, as well as supplemental materials in the record transmitted, the Court is of opinion that there is reversible error in the judgment appealed from.

At trial on charges arising from a physical attack with a broken bottle that left two women injured, the jury found the defendant guilty on three counts of charges for carrying or use of a dangerous weapon under 14 V.I.C. § 2251(a)(2)(B). Prior to a scheduled sentencing, however, the

---

[1] Despite having been given repeated opportunities to do so, Appellee Ashana Powell has failed to file a merits brief in this matter or to respond to this Court's March 19, 2012 summary reversal show cause order.

trial court judge granted a motion by the defendant and entered a judgment of acquittal, believing that acquittal was "mandatory" because the verdicts of guilt under Counts II, IV, and VI of the Information were "inconsistent" with the jury's acquittal on the three separate charges in Counts I, III, and V.

Entry of acquittals on the three counts involved in this case, based specifically on inconsistency with other verdicts returned by the jury, was error. *See United States v. Powell*, 469 U.S. 57, 69, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984) (the fact that a jury has reached an inconsistent verdict does not mandate an acquittal on the remaining offenses); *Dunn v. United States*, 284 U.S. 390, 393-94, 52 S. Ct. 189, 76 L. Ed. 356 (1932) (same). *See also United States v. Mussare*, 405 F.3d 161, 167 (3d Cir. 2005) ("there is no requirement that a jury's verdict be consistent").

Pursuant to this Court's Internal Operating Procedures, this Court may, on motion of a party or *sua sponte*, summarily affirm, reverse, or vacate a decision of the Superior Court without full briefing by the parties if it appears that the appeal presents no substantial question. *See* V.I.S.CT. I.O.P. 9.4. "Before taking summary action, the panel will afford the parties an opportunity to submit argument in support of or in opposition to such disposition if briefs on the merits have not already been filed." *Id.* Although the Court had issued a Scheduling Order on January 3, 2012, and the People of the Virgin Islands filed its merits brief on February 10, 2012, counsel for Ashana Powell failed to timely file a brief, a motion for extension of time to file a brief, or any other document with this Court. By Order of March 19, 2012 this Court permitted the parties to submit letter-form briefs on the issue of whether summary reversal of the November 1, 2011 Judgment of Acquittal was warranted. Thus — even though it was not required to do so — this Court provided an additional opportunity for both the People and Powell to submit briefs addressing the matter before entering its ruling on summary reversal. Again, while the People timely filed a letter-form brief on April 2, 2012, Powell has still filed no documents with this Court.

Having reviewed the People's February 10, 2012 merits brief and April 2, 2012 letter-form brief, as well as the Superior Court's March 8,

2012 Order,[2] we are satisfied that this appeal presents no substantial question and is one of the rare cases in which summary action is warranted, given the United States Supreme Court's express holdings on the dispositive issue in *Powell*, 469 U.S. at 69, and *Dunn*, 284 U.S. at 393-94. *See also United States v. Vastola*, 989 F.2d 1318, 1329 (3d Cir.1993) (under *Powell*, "jury verdicts cannot be set aside solely on the ground of inconsistency").

The present Order is premised upon, and specifically directed to, the erroneous grant of a the judgment of acquittal based solely upon a misunderstanding that such an acquittal was mandatory. The present Order does not address, as part of this appeal, (1) whether a judge possesses the discretion to grant an acquittal or a new trial as a remedy for an inconsistent verdict, (2) whether, notwithstanding the inconsistent verdict, the evidence was sufficient to sustain the jury's guilty verdict with respect to Counts II, IV, and VI of the Information, or (3) whether Powell may be entitled to an acquittal or a new trial based on other grounds. Thus, the decision herein shall not preclude Powell from challenging, whether on remand in the Superior Court or as part of a subsequent appeal to this Court, her convictions for Counts II, IV, and VI on any other ground. Accordingly, it is hereby

**ORDERED** that the November 1, 2011 Judgment of Acquittal is **REVERSED** and this matter **REMANDED** to the Superior Court for further proceedings consistent with this Order; and it is further

**ORDERED** that copies of this Order be served on the parties.

---

[2] A March 16, 2012 transmittal from the Clerk of the Superior Court contains a copy of a March 8, 2012 Order entered by the Superior Court judge who presided over the underlying matter stating that he now recognizes that he committed error in dismissing the three charges at sentencing hearing based solely on perceived "inconsistency" with other verdicts acquitting defendant on separate charges.