**RICHIE FONTAINE, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Criminal No. 2013-0062
Supreme Court of the Virgin Islands
May 20, 2015

KELE ONYEJEKWE, ESQ., Appellate Public Defender, St. Thomas, USVI, *Attorney for Appellant.*

PAMELA R. TEPPER, ESQ., Assistant Attorney General, St. Thomas, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(May 20, 2015)

SWAN, *Associate Justice*. Appellant, Richie Fontaine, was convicted of first degree assault and other crimes after re-trial. He appeals alleging that his right against double jeopardy was violated and that it was impossible for him to be convicted of crimes that are "non-existent." Because we do not find any constitutional violations or plain error in his convictions, we affirm the judgment and commitment of the Superior Court.

## I. FACTUAL AND PROCEDURAL HISTORY

This appeal emanates from the retrial of Appellant, Richie Fontaine, for his involvement in the death of Phillip George at an adult night club in Smith Bay. On March 7, 2009, Phillip and his brother, Ruben George, were standing at the entrance of the night club when gun shots were fired at them from across the street. Phillip and other men immediately obtained firearms and returned gun fire at their assailants across the same street. During the barrage of gunshots, Phillip was killed.[1] Fontaine was identified as one of the suspects involved in the shootout. He was arrested and charged with first degree murder and other associated crimes in a nine-count Information. During the first trial, a police officer, who was not at the scene of the crime when the shooting occurred, was allowed to narrate a surveillance videotape of the shooting at the night club while the videotape was played and viewed by the jury. Fontaine was acquitted of the first degree murder charge, but found guilty of the lesser included offense of voluntary manslaughter, assault in the first degree, two counts of using a dangerous weapon during the commission of an assault in the

---

[1] For more details concerning the shooting and killing of Phillip George *see Fontaine v. People*, 56 V.I. 571 (V.I. 2012).

first degree, and reckless endangerment in the first degree. *Fontaine v. People*, 56 V.I. 571, 576 (V.I. 2012). Fontaine appealed these convictions, and we reversed and remanded for a new trial, after concluding that the trial court committed reversible error. We concluded that the trial court erred by allowing the police officer, who was not at the scene of the crime during the shooting, to narrate a video that was unobscured, instead of allowing the jurors to determine for themselves what was transpiring in the videotape. *Id.* at 586-91, 596.

On remand, Fontaine was charged in a fourth amended information with the following: Count I, voluntary manslaughter; Count II, unauthorized use of a firearm during the commission of voluntary manslaughter; Count III, first degree assault; Count IV, unauthorized use of a firearm during the commission of a first degree assault; and Count V, reckless endangerment in the first degree. Fontaine was convicted of all charges after retrial.

After considering Fontaine's motion for judgment of acquittal, the trial court dismissed the convictions for Count I, voluntary manslaughter and Count II, unauthorized use of a firearm during the commission of voluntary manslaughter. The trial court, however, denied the motion regarding the remaining counts. Fontaine was sentenced to 15 years imprisonment for first degree assault, 20 years for the unauthorized use of a firearm during the commission of an assault in the first degree, and 5 years for reckless endangerment. All sentences were ordered to be served concurrently with the other sentences imposed in his second trial, but to be served consecutively with any other sentence imposed in his other cases.

## II. JURISDICTION

Title 4, section 32(a) of the Virgin Islands Code provides, in pertinent part, that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." It is well established that in a criminal case, the written judgment embodying the adjudication of guilt and the sentence imposed based on that adjudication constitutes a final judgment for purposes of this statute. *Williams v. People*, 58 V.I. 341, 345 (V.I. 2013). Accordingly, we have jurisdiction over this appeal.

## III. ISSUES AND STANDARD OF REVIEW

On appeal, Fontaine alleges that (A) his second trial for first degree assault, i.e., assault with the intent to commit murder[2] constituted double jeopardy because he was acquitted of murder in his first trial and that (B) it is impossible for him to have committed an assault with intent to commit murder because an assault cannot occur where a victim dies.

Our review over the trial court's application of law is plenary, while its findings of fact are reviewed for clear error. *Tyson v. People*, 59 V.I. 391, 400 (V.I. 2013). We review for plain error, those issues raised by an appellant for the first time on appeal. *Id.*

## IV. DISCUSSION

### A. Double Jeopardy

■ The Fifth Amendment's[3] guarantee against double jeopardy protects a person against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *Castillo v. People*, 59 V.I. 240, 267-68 (V.I. 2013) (*citing North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)). First, Fontaine argues that he was subjected to double jeopardy when he was acquitted of first degree murder, but convicted of the lesser offense of first degree assault with the intent to commit murder. He claims that his right not to be re-tried for the same offense for which he was previously acquitted was violated when he was convicted of assault with the intent to murder in the second trial after being acquitted of murder in the first trial. Fontaine also asserted for the first time on appeal that his right against double jeopardy was violated when he was acquitted of attempted murder during the first trial, but convicted of assault with the intent to commit murder during the second trial. Here, with respect to the arguments that were raised for the first time on appeal, we do not find that plain error was committed during the trial. *See Webster v. People*, 60 V.I. 666, 672 (V.I. 2014) ("Under plain error

---

[2] *See* 14 V.I.C. § 295(1) (providing that "[w]hoever ... with intent to commit murder, assaults another" commits assault in the first degree).

[3] The Double Jeopardy prohibition found in the Fifth Amendment to the U.S. Constitution applies to the Virgin Islands by virtue of Section 3 of the Revised Organic Act. 48 U.S.C. § 1561 (2006).

review, there must be an error, that was plain, that affected the defendant's substantial rights"). We find that Fontaine has waived his argument that attempted murder and first-degree assault with intent to commit murder are the same offense because it was not raised before the Superior Court. V.I.S.CT. R. 4(h); V.I.S.CT. R. 22(m).[4]

### 1. First Degree Murder and First Degree Assault with intent to commit murder

■ In his original trial, Fontaine was acquitted of first degree murder, but found guilty of the lesser included offense of first degree assault, which the People also charged in the same Information. *Fontaine*, 56 V.I. at 576. On remand, Fontaine was re-charged and again convicted of first degree assault with the intent to commit murder. However, Fontaine was not re-charged with first degree murder on remand, because he was acquitted of that charge by the jury and, such re-charge would have violated his Fifth Amendment rights. *See Green v. United States*, 355 U.S. 184, 188, 78 S. Ct. 221, 2 L. Ed. 2d 199, 77 Ohio Law Abs. 202 (1957) ("[I]t has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and . . . is a bar to a subsequent prosecution for the same offence.") (citation and internal quotation marks omitted).

■ Fontaine asserts that his acquittal of murder during his first trial connotes that "he was acquitted of all lesser included offense [sic] of murder, including attempted murder and assault with intent to commit murder." [Br. of Appellant at 14.] This contention is without merit because it is immensely contrary to well established common law and to the most basic principles of criminal law. *See Phipps v. People*, 54 V.I. 543, 550-51 (V.I. 2011) (a jury may convict a defendant of a lesser-

---

[4] V.I.S.CT. R. 4(h) states in pertinent part that:

Only issues and arguments fairly presented to the Superior Court may be presented for review on appeal; provided, however, that when the interests of justice so require, the Supreme Court may consider and determine any question not so presented.

V.I.S.CT. R. 22(m) states in pertinent part that:

Issues that were (1) not raised or objected to before the Superior Court, (2) raised or objected to but not briefed, or (3) are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal, except that the Supreme Court, at its option, may notice an error not presented that affects substantial rights.

included offense that is not charged in the information when there is a reasonable doubt as to the defendant's guilt on the greater charge). Fontaine attempts to re-write the common law by asserting that a jury is prohibited from finding a defendant guilty of a lesser included offense, in a second trial prompted by a remand, if the jury failed to find him guilty of the greater offense in the original trial.

■ "At common law the jury [is] permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." *Beck v. Alabama*, 447 U.S. 625, 633, 100 S. Ct. 2382, 65 L. Ed. 2d 392 (1980). It is universally accepted that a defendant may be convicted of any lesser crime supported by the evidence that is within the offense charged by the prosecution. *See Phipps v. People*, 54 V.I. 543, 550-51 (V.I. 2011); WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 536, 1566 (1993) (respectively defining "crime" and "offense"); 9A FED. PROC., L. ED. § 22:1467; 42 C.J.S. *Indictments* § 304 (2014). Generally, courts have allowed for the finding of guilt upon a lesser included offense, even where that offense was not originally contained in the charging document. *Gov't of V.I v. Joseph*, 765 F.2d 394, 396 (3d Cir. 1985) ("A defendant may be found guilty of an offense necessarily included in the offense charged"). Here, the fact that the offense of first degree assault was also charged in the Information makes Fontaine's argument all the more specious.

■ We have held in a number of cases that a defendant can be charged and convicted for multiple provisions of the Virgin Islands Code arising out of the same incident. *Fontaine v. People*, 59 V.I. 640, 657 (V.I. 2013); *Phillip v. People*, 58 V.I. 569, 592 (V.I. 2013); *Williams v. People*, 56 V.I. 821, 832 (V.I. 2012). The individual, however, may only be punished or sentenced for one offense arising out of the same act in accordance with 14 V.I.C § 104 and the Fifth Amendment. *Charles v. People*, 60 V.I. 823, 843 (V.I. 2014); *Williams*, 56 V.I. at 831-34. Therefore, although it would be impermissible for Fontaine to be cumulatively punished for all offenses, he could lawfully be charged and convicted of first degree murder as well as any lesser included offenses.

■ Fontaine also argues that he was subjected to double jeopardy when he was re-convicted of first degree assault with intent to murder in the second trial. The Fifth Amendment bars a successive prosecution for the same offense. Where a defendant is acquitted of an offense in an initial trial, double jeopardy bars the retrial of the defendant for that offense on remand. *Smith v. Massachusetts*, 543 U.S. 462, 467, 125 S. Ct. 1129,

160 L. Ed. 2d 914 (2005) (collecting cases). However, it is well established that the Fifth Amendment does not prevent the retrial of a defendant who succeeds in getting his convictions vacated on direct appeal or on collateral attack because of some error in the proceedings leading to the conviction. *Azille v. People*, 59 V.I. 215, 226 n.5 (V.I. 2012); *see Lockhart v. Nelson*, 488 U.S. 33, 38, 109 S. Ct. 285, 102 L. Ed. 2d 265 (1988) (the Double Jeopardy Clause's "general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction"); *McMullen v. Tennis*, 562 F.3d 231, 237-38 (3d Cir. 2009). This doctrine which the Supreme Court of the United States has characterized as a rule of continuing jeopardy allows for the retrial after reversal of a conviction that is the same offense for the purposes of double jeopardy. *United States v. Jose*, 425 F.3d 1237, 1241 (9th Cir. 2005). *See also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308, 104 S. Ct. 1805, 80 L. Ed. 2d 311 (1984) (recognizing the concept of "continuing jeopardy" implicit in the decision in *Ball v. United States*, 163 U.S. 662, 671-72, 16 S. Ct. 1192, 41 L. Ed. 300 (1896)).

■■■■ During his first trial Fontaine was charged with several offenses, including both first degree murder and first degree assault. He was acquitted of the former and convicted of the latter. Because of procedural error, we reversed the convictions and remanded for a new trial. On remand, Fontaine was again convicted of first degree assault. A conviction for a lesser included offense, which is successfully appealed on grounds other than insufficiency of the evidence, does not reinstate the greater offense on retrial. Only the lesser charge may be the subject of a second prosecution. *Price v. Georgia*, 398 U.S. 323, 329, 90 S. Ct. 1757, 26 L. Ed. 2d 300 (1970). Here, this circumstance does not implicate double jeopardy because Fontaine was convicted of first degree assault in the first trial, and the conviction was reversed because of procedural error during the trial. It is only when an appellate court reverses a conviction because of insufficient evidence that the defendant may not be retried. *United States v. Di Francesco*, 449 U.S. 117, 131, 101 S. Ct. 426, 66 L. Ed. 2d 328 (1980); *United States v. Bruno*, 661 F.3d 733, 741 (2d Cir. 2011). Importantly, on remand, Fontaine was not charged with first degree murder. Therefore, he was not charged in violation of the Fifth

Amendment with an offense in the second trial for which the jury previously acquitted him purportedly because of insufficient evidence.

### 2. Attempted Murder and First Degree assault with intent to commit murder

Although not raised in the Superior Court, Fontaine argued for the first time on appeal that Double Jeopardy was implicated during the first trial when he was acquitted of attempted murder, but was convicted of first degree assault with intent to commit murder, which Fontaine argues is fundamentally the same offense. Because of his failure to raise the issue below this issue is waived and not properly before this Court. V.I.S.CT. R. 4(h); V.I.S.CT. R. 22(m). We do not reach the issue of whether attempted murder and first degree assault with the intent to commit murder are fundamentally the same offense.

Further, Fontaine is reminded that he was convicted of first degree assault in the first trial, which makes his conviction for that offense on remand constitutionally sound under the doctrine of continuing jeopardy. As we noted above, the doctrine of continuing jeopardy allows for the retrial on remand after a reversal of the conviction. *Justices of Boston Mun. Court,* 466 U.S. at 308. Thus, under the continuing jeopardy doctrine, Fontaine could not have suffered double jeopardy where he was convicted in the second trial of an offense where the conviction for the same offense was reversed in the first trial because of procedural error.

 Therefore, Fontaine's argument can only be re-construed as contending that the jury made an inconsistent verdict when it convicted him of one offense and acquitted him of another offense which he alleges are fundamentally the same offense. Nonetheless, a jury's verdict may not be vacated on the basis of inconsistency alone. *People v. Powell,* 56 V.I. 630, 633 (V.I. 2012) (*citing United States v. Vastola,* 989 F.2d 1318, 1329 (3d Cir. 1993)). *Accord: People v. Thompson,* 57 V.I. 342, 351 (V.I. 2012) ("[C]riminal convictions based on inconsistent verdicts should be upheld as long as there is sufficient evidence to support the convictions.") (*citing United States v. Powell,* 469 U.S. 57, 64-66, 105 S. Ct. 471, 83 L. Ed. 2d 461 (1984)). Because Fontaine failed to raise the issue in the Superior Court, and has not articulated why first-degree assault with intent to commit murder is the same offense as attempted first-degree murder, this argument is waived and provides no basis for reversal.

## B. A defendant can be convicted of an assault even if the victim dies

██ Fontaine next argues that he was convicted of a "non-existent crime" because a person cannot be charged with an assault where the victim died. This issue was not raised in the Superior Court, so we review for plain error. V.I.S.CT. R. 4(h); *Webster*, 60 V.I. at 672 ("Because he did not raise this argument before the Superior Court, we review it only for plain error".) We have previously disposed of this issue in *Phillip*, 58 V.I. at 591. In *Phillip* we held that a defendant can "be guilty of first-degree assault regardless of whether he missed or actually succeeded in killing the target of the assault." *Id.* at 592. The jury could have found that an assault occurred when Fontaine aimed a weapon at another person in a threatening manner with the ability and intent to kill, whether or not a killing did actually occur. Although we noted in *Phillip* that the contention that "it is legally impossible to assault a dead person" was "entirely meritless," 58 V.I. at 591, Fontaine makes the same spurious contention, but advances no new legal support to bolster his claim. Therefore, we conclude that Fontaine was not convicted of a "non-existent crime."

## C. Fontaine's sentences did not violate 14 V.I.C. § 104

██ Fontaine argues that the trial court erred in sentencing him for crimes that are the same or similar offenses in violation of Title 14, section 104 of the Virgin Islands Code.[5] "[S]ection 104 . . . provides that notwithstanding the fact that an individual can be charged and convicted of violating multiple provisions of the Virgin Islands Code, an individual may only be punished for one of the offenses arising out of a single act." *Charles v. People*, 60 V.I. 823, 843 (V.I. 2014). Therefore, if more than one conviction is based on a single act, the trial court must "stay the execution" of punishment for all but one of the convictions. *Id.*

██ After the second trial, Fontaine was sentenced to 15 years of imprisonment for first degree assault in violation of 14 V.I.C. § 295(1), 20

---

[5] We reiterate that the double jeopardy clause and section 104 are related, but not the same. *Castillo v. People*, 59 V.I. 240, 285 (V.I. 2013) (Hodge, C.J., concurring in part). The double jeopardy clause protects against multiple punishments for a single offense, unless the Legislature has clearly intended to permit cumulative punishment. *Id.* Whereas section 104 dictates that an individual can only be punished for one offense, despite the fact that the individual can be charged and found guilty of violating multiple provisions of the Virgin Islands Code arising from a single act or omission. *Tyson v. People*, 59 V.I. 391, 428-29 (V.I. 2013).

years for the unauthorized use of a firearm during the commission of an assault in the first degree in violation of 14 V.I.C. § 2253(a), and 5 years for reckless endangerment in violation of 14 V.I.C. § 625(a). These sentences do not violate section 104. First, we have previously held that reckless endangerment is a separate crime from the underlying violent offense because of the risk created to the public or third parties that is separate and apart from the risk created to the intended victim. *See Thomas v. People*, 60 V.I. 183, 201-02 (V.I. 2013) ("reckless endangerment was a separate offense for which Thomas may also be punished" because "he committed a single act of violence that harmed or risked harming more than one person").

■ Additionally, with regards to Fontaine receiving sentences for both first degree assault and the unauthorized use of a firearm during the commission of an assault in the first degree, we have also previously held that this sentencing is not multiplicitous because the legislature clearly intended for additional sentencing where unauthorized firearms are involved. *See Ward v. People*, 58 V.I. 277, 286 (V.I. 2013) ("[It is] a clear and unambiguous intent on the part of the Legislature, whenever an individual is convicted for both [unauthorized use of a firearm during the commission of a crime of violence] and a crime of violence, to require punishment for both of those offenses."). Accordingly we do not find that Fontaine's sentences were in violation of section 104.

## V. CONCLUSION

Fontaine's right against double jeopardy was not violated because he was not charged or convicted of any offense on remand for which he was acquitted in his initial trial. The doctrine of continued jeopardy allows for a defendant to be retried and convicted on remand for an offense that was overturned because of procedural error. This was the case here when Fontaine was reconvicted of assault with attempt to commit murder in the second trial.

The question of whether a defendant can be found guilty of an assault where the victim died has been previously addressed by this Court, and has been answered in the affirmative. *Phillip*, 58 V.I. at 591-92. Furthermore, Fontaine's sentences do not violate the multiple punishments prohibition codified in 14 V.I.C. § 104. Thus, Fontaine has advanced no viable basis to disturb the Superior Court's judgment. Accordingly, the judgment and commitment of the trial court is affirmed.