# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS<br><br>Plaintiff,<br><br>v.<br><br>RONALD HATCHER<br><br>Defendant. | Case No. SX-14-CR-131<br><br>Charges:<br><br>Murder 2nd Degree; Reckless Endangerment 1st; Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence |

**Cite as: 2020 VI Super U24**

**Appearances:**

**Patricia Quinland, Esq.**
Assistant Attorney General
*Attorney for the People of the Virgin Islands*
Department of Justice
St. Croix, V.I. 00820

**Yohanna Manning, Esq.**
*Attorney for Defendant Ronald Hatcher*
53A Company Street
Christiansted, St. Croix 00820

## Memorandum Opinion

**Meade, Judge**

¶ 1. **THIS MATTER** is before the Court on Defendant's Motion to Dismiss the charge of Voluntary Manslaughter, the People's Response, and the Defendant's Reply and supplemental submission. For reasons set forth below, the Defendant's Motion to Dismiss is **DENIED**.

### Factual and Procedural Background:

¶ 2. On or about September 26, 2013, Defendant Ronald Hatcher (hereinafter "Hatcher" or "Defendant") shot and killed Jose Berrios. The People of the Virgin Islands (hereinafter "People") charged Hatcher with (1)

Murder Second Degree, (2) Reckless Endangerment First Degree, and (3) Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence. The Information detailing those charges was filed in the Superior Court on April 22, 2014. The case was tried before a jury on March 19, 2018. At the end of the People's case, Defendant moved the Court for a Judgment of Acquittal pursuant to Rule 29 of the Virgin Islands Rules of Criminal Procedure. The Court permitted arguments by both parties after which it deferred ruling. Thereafter, the Defendant presented his case. At the end of the Defendant's case, the Court granted the Defendant's motion for judgment of acquittal with respect to Murder Second Degree and permitted the People to amend the Information to charge the lesser offense of Voluntary Manslaughter. The case was submitted to the jury, and the jury acquitted the Defendant of the charges of Reckless Endangerment First Degree and Carrying or Using a Dangerous Weapon During the Commission of a Crime of Violence. However, the jury was deadlocked on the charge of Voluntary Manslaughter. The Court declared a mistrial on that charge.

¶ 3. Subsequently, Hatcher filed a Motion to Dismiss the Voluntary Manslaughter charge contending that the statute of limitations bars his prosecution for Voluntary Manslaughter.

**The Legal Standard**

¶ 4. Statutes of limitation prescribe the time within which criminal proceedings may be commenced after the occurrence of the conduct that gives rise to the criminal offense. Virgin Islands law prohibits prosecution on the charge of Voluntary Manslaughter if criminal proceedings are not commenced

People v. Ronald Hatcher
Criminal SX-14-CR-131
Memorandum Opinion Denying's Defendant's Motion to Dismiss
P a g e | 3

2020 VI Super U24

within three (3) years after the occurrence of the conduct giving rise to the charge. 5 V.I.C. § 3541(a)(2).

## Analysis:

### A. Summary of the Arguments

¶ 5. In his Motion to Dismiss, Hatcher advances two fundamental arguments. First, Hatcher contends that the filing of the Amended Information charging Voluntary Manslaughter constitutes a violation of 5 V.I.C. § 3541(a)(2) since the Amended Information was filed more than three years after the occurrence giving rise to the criminal charges. Second, Hatcher contends that Voluntary Manslaughter is not a "nested" lesser included offense of the crime of Second-Degree Murder which makes it a new offense because it was not charged in the Original Information. The Court finds Hatcher's arguments unpersuasive since the prosecution of the charges commenced within three years; and under Virgin Islands law and the facts of this case, Voluntary Manslaughter is a lesser included offense of the crime of Second-Degree Murder. Therefore, the statute of limitation does not apply to bar the prosecution of the criminal charge of Voluntary Manslaughter.

### B. Commencement of the Criminal Prosecution Was Timely

¶ 6. The mere passage of time since the commission of an offense is not the only factor to consider in determining whether a statute of limitation applies. Other factors include the nature of the offense, the statutory provisions under which the offense is prosecuted, the initiation of criminal proceedings and the tolling of the statute upon the commencement of criminal proceedings. The application of the limitations period is not always a clear-cut matter; but in

this case, it is evident that the three- year limitation applies to the charge of Voluntary Manslaughter.

¶ 7.   The Original Information which charged the criminal action against Hatcher was filed approximately seven (7) months after the incident which gave rise to the charges. Accordingly, the Original Information was filed about two years and five months before the statute of limitations on Voluntary Manslaughter expired. The statute of limitation of all charged and uncharged lesser included offenses is tolled until the criminal action is dismissed. *United States v. Grady*, 544 F. 2d. 598, 601 (2nd Cir. 1976). Because the filing of the Information tolled the statute, the three-year limitation on the Voluntary Manslaughter charge would not have expired when the Amended Information was filed on March 26, 2018.

¶ 8.   Nevertheless, Hatcher insists that the filing of the Amended Information creates an untimely commencement of a prosecution on the criminal charge of Voluntary Manslaughter. Neither the Virgin Islands Code nor the Virgin Islands Rules of Criminal Procedure specifically defines what constitutes the commencement of a criminal action. From time to time, the Courts of the Virgin Islands have identified various stages in the criminal justice process where it may be determined that the criminal action has commenced. These stages include the return of an indictment, the filing of an information or complaint or the issuance of a warrant of arrest. The District Court of the Virgin Islands held that a criminal action commences with the return of an indictment or the filing of an information under the provisions of 5 V.I.C. § 3541. *Government of the Virgin Islands v. Moncayo*, 31 VI 135, 142 (DVI 1994).

The Superior Court of the Virgin Islands has identified different stages of the criminal justice process where it may be determined that criminal action has commenced. Criminal actions are commenced when a grand jury issues an indictment or when a prosecutor files a complaint or an information. *Dennie v. People of the Virgin Islands*, 66 VI 143, 151 (Super. Ct. 2017). Either the issuance of a proper warrant or the filing of an information, whichever is earlier, commences a criminal action for purposes of 5 V.I.C. § 3541. *People of the Virgin Islands v. Correa*, 2017 V.I. LEXIS 42 (Super. Ct. 2017); *People of the Virgin Islands v. Ayala*, 2017 V.I. LEXIS 22 (Super. Ct. 2017). Without finding whether the issuance of a warrant and the return of an indictment are also proper considerations for the commencement of a criminal action, the Virgin Islands Supreme Court has stated that the filing date of an information may be used to determine when a criminal prosecution commences. *Miller v. People of the Virgin Islands*, 54 VI 398, 402 (VI 2010).

¶ 9.    Hatcher relies on *Miller* to support his contention that the filing of the Amended Information was the commencement of an action on the charge of Voluntary Manslaughter. Hatcher's reliance on *Miller* is misplaced. In *Miller*, the Court dealt with the issue of whether the statute under which the defendant was charged and prosecuted was subject to the three-year statute of limitation. In arriving at its decision, the Court indicated that the filing date of an information may be used to determine when a criminal action commenced but did not indicate or suggest that the filing of an amended information commenced a criminal action.

2020 VI Super U24

¶ 10. Therefore, contrary to Hatcher's argument, the filing of the Amended Information did not commence the criminal action but was a continuation of the action that commenced with the filing of the Original Information. The Amended Information would have raised statute of limitations issues only if it charged a new offense for which the statute of limitation had expired. The United States Court of Appeals for the Third Circuit noted that the return of the superseding indictment prior to the dismissal of the original indictment does not violate the statute of limitations if the superseding indictment does not alter the charges. *United States v. Friedman*, 649 F. 2d 199, 204 (3rd Cir. 1981).

**C.** Lesser Included Offense is not a New Charge

¶ 11. Where there has been a prosecution under an information amended after the expiration of an applicable limitation period, courts in a majority of jurisdictions have generally held that the amendment is barred only if it charges a new offense. Therefore, in *People v. Chapman*, 47 Cal. App. 3d 597 (Cal. App. 3d 1975), the Court held that a count alleging unlawful sexual intercourse with a female under 18 years of age was an amendment which added a new charge and was done more than three years after the alleged offense of the original information. The amendment was therefore barred by the three (3) year statute of limitations. The original information had alleged forcible rape and assault but had not alleged that the victim was younger than eighteen (18) years of age. The Court reasoned that since unlawful sexual intercourse included the element that the victim was under eighteen (18) years of age, it was not, as a matter of statutory definition, an offense

necessarily included in the statutory offense of rape. In *People v. McKay*, 159 Cal. Rptr. 174 (Cal. 1979), the Court held that an information may not be amended to insert a charge that is not necessarily a lesser included offense after the statute of limitations had expired. The new charge is barred even though it relates to the same conduct as was originally charged. In *State v. Rowley*, 12 Conn. 101 (Conn. 1837) the Court held that the prosecutor could not amend an information to add a new charge after the statutory period for that charge had lapsed. Similarly, in *State v. Pryor*, 134 S.W. 2d 1083 (Mo. App. 1989) the Court held that an offense charged in an amended information, a misdemeanor, was different from the offense charged in the original information, a felony, which was grounded in an entirely different statute.

¶ 12. The Amendment of the Information in Hatcher's case did not give rise to circumstances where different or new charges were filed. When the Court permitted the Amendment of the Information, it did so to allow only the lesser included offense to go to the jury, since the evidence was insufficient to support the greater charge of Second-Degree Murder. If the evidence was sufficient for the jury to find a guilty verdict on either offense, the defendant would have been entitled to a jury instruction on the lesser included offense. A jury instruction must contain a lesser included offense only if the evidence adduced at trial could have supported a guilty verdict on either charge. *Phipps v. People of the VI*, 54 VI 543, 550 (VI 2011). The Amendment permitted the jury to consider the lesser offense without having to consider the greater offense which was not supported by the evidence. Consequently, the

Amendment of the Information neither altered the charges nor brought a new charge.

¶ 13. Moreover, Hatcher's contention that a lesser include offense not charged in the original information cannot be charged in an amended information after the statute of limitations has expired, ignores the established principles of jurisprudence in the prosecution of criminal matters which apply to these proceedings. The basic principle is that when an indictment or information charges a greater offense it also charges all lesser included offenses. The majority of jurisdictions, including the federal courts, follow the principle that lesser included offenses need not be set forth as separate counts in an indictment or information. An indictment or information charging an offense impliedly charges all lesser included offenses for which proof would support conviction. *U.S. v. Miller*, 471 U.S. 130 (1985); *State v. Banes*, 874 SW 2d 73 (Tenn. Crim. App. 1993). The Virgin Islands has also adopted the principle that an indictment or information which charges a greater offense also charges all lesser included offenses. *Fontaine v. People of the Virgin Islands*, 62 VI 643, 650 (VI 2015). (Finding that the jury may convict for a lesser included offense even if not charged in the Information).

**D.** Voluntary Manslaughter is a Lesser Included Offense of Second-Degree Murder

¶ 14. It is generally considered that voluntary manslaughter is a lesser included offense of the charge of murder. *United States ex rel Matthews v. Johnson*, 503 F. 2d 339, 341 (3rd Cir 1974); *Price v. Georgia*, 398 U.S. 323 (1970). Virgin Islands Courts follow this general rule. *Boston v. Virgin Islands*,

People v. Ronald Hatcher                                                    2020 VI Super U24
Criminal SX-14-CR-131
Memorandum Opinion Denying's Defendant's Motion to Dismiss
P a g e | 9

46 VI 520, 526 (DVI 2005); *Castillo v. People of the Virgin Islands*, 59 VI 240, 253 (V.I. 2013).

¶ 15. However, Hatcher contends that voluntary manslaughter is not a "nested" lesser included offense of second-degree murder. The decisions determining the existence of a lesser included offense appear to vary. Some courts have found that a lesser included offense exists when the proof necessary to establish the greater offense will, of necessity, establish the elements of the lesser offense. This means that the elements of the lesser offense form a subset of the elements of the greater offense. *Smith v. Gov't of the V.I.*, 2003 V.I. LEXIS 11 (Terr. Ct. 2003). This definition tends to suggest that it is not possible to commit the greater offense without committing the lesser offense. To support his contention, Hatcher relies on this definition and argues that the element of sudden quarrel or passion that is an element of voluntary manslaughter is not an element of second-degree murder. Therefore, according to this logic, Hatcher argues that voluntary manslaughter is not a lesser included offense of second-degree murder since a defendant may commit the crime of second-degree murder without committing the offense of voluntary manslaughter.

¶ 16. Rule 31(c)(1) of The Virgin Islands Rules of Criminal Procedure does not use the term "lesser included" offense but uses the term "necessarily included offense". V.I.R.Cr.P. 31(c)(1). It is generally considered that the term lesser included offense as used by the courts falls within the reach of the rule. In fact, courts have long used the term lesser included offense to mean the "necessarily included offense" language of Rule 31. *Olais-Castro v. United*

People v. Ronald Hatcher                                    2020 VI Super U24
Criminal SX-14-CR-131
Memorandum Opinion Denying's Defendant's Motion to Dismiss
P a g e  | 10

*States*, 416 F. 2d 1155 (9th Cir. 1969). (Finding that although there was a theoretical difference between the "necessarily included" offenses and "lesser included" offenses, the terms are used interchangeably by the court).

¶ 17. Different jurisdictions may define "lesser included" offenses differently and may apply different formulas and tests to determine what constitutes a lesser offense necessarily included in the charged offense. Sometimes the determination of whether a lesser offense constitutes a necessarily included offense is based on the facts of the case. Generally, the principle arising from the cases identify the existence of two requirements in order for an offense to constitute a lesser offense necessarily included in the charged offense. First, the offense which is claimed to be the lesser included offense must, in fact, be lesser than the charged offense. This requirement is met where the included offense is less grave or serious than the charged offense. Secondly, the two offenses must share common elements, although the lesser offense has fewer of those elements than the charged greater offense.

¶ 18. Accordingly, courts have found that certain claimed lesser offenses were not included in the greater offense where one or more of the requirements did not exist. Usually, the determination as to whether a lesser offense exists is dependent on the facts in evidence. In *Goodall v. United States*, 180 F. 2d 397 (DC. App. 1950) *cert. den.* 393 US 987 (1950), the Court affirmed a conviction for first degree murder under a District of Columbia Statute. The Court acknowledged that the accused could be found guilty of second-degree murder if the evidence warranted, since Rule 31(c) of the Federal Rules of Criminal Procedure permitted conviction for necessarily

included offenses.[1] However, the Court held that under the particular circumstances, the offense of second-degree murder was not a lesser included offense. The defendant was charged with the killing of a druggist in the course of robbing the drugstore. The defendant contended that because of his intoxication at the time of the robbery, he was only guilty of second-degree murder. After reviewing the evidence presented at trial, the Court concluded that there was no testimony that at the time of the crime, the accused was drunk or was so incapacitated by intoxication as to be unable to realize what he was doing. As such, there was no justification for permitting the jury to consider second degree murder as a lesser included offense.

¶ 19. In considering whether second degree murder and manslaughter were lesser included offenses of the crime of first degree murder under Virgin Islands law, the Third Circuit Court of Appeals opined that in order for a crime to constitute a lesser included offense, the lesser offense must be comprised solely of some, but not all of the elements of the charged offense. *Government of the V.I. v. Carmona*, 422 F. 2d 95, 100 (3rd Cir. 1970). In *Carmona*, the defendant was charged with first degree murder after he had become drunk and agreed with another to rob a bar. During the robbery, the proprietor was killed. Noting that Virgin Islands law defined voluntary manslaughter as the unlawful killing of a human being without malice aforethought upon a sudden quarrel or passion, the Court reasoned that voluntary manslaughter was not necessarily included in felony murder, since

---

[1] Rule 31(c) of the Federal Rule of Criminal Procedure is identical to Rule 31(c) of the Virgin Islands Rule of Criminal Procedure.

felony murder did not necessarily entail a sudden quarrel or heat of passion. *Id.* at 101. The Court concluded that there was no evidence of a quarrel or heat of passion so that a jury could not have properly found the accused guilty of voluntary manslaughter.

¶ 20. The Ninth Circuit Court of Appeals affirmed a conviction for manslaughter after the accused was charged with first degree murder under Alaska law when his gun discharged while he was loading it. In rejecting the defendant's contention that the offense for which he was convicted was not necessarily included in the offense charged, the Court held that every essential element of manslaughter by culpable negligence was necessarily included in the offense of first-degree murder as charged in the indictment. *Barbeau v. United States*, 193 F. 2d 945, 947 (9th Cir. 1951) *cert. den.* 343 US 968 (1952).

¶ 21. As discussed above, certain factual circumstances may preclude voluntary manslaughter from being considered as a lesser included offense of the crime of murder. Under these circumstances, courts tend to consider whether the evidence presented include facts from which the jury could find the elements of the lesser offense. *Carmona* 422 F 2d. at 100

¶ 22. Nevertheless, the general rule applied by most jurisdictions is that voluntary manslaughter is a lesser included offense within the crime of murder. *United States v. Quintero*, 21 F. 3d 885, 890 (9th Cir. 1994). See also *United States v. Comer*, 421 F. 2d 1149, 1153 (DC App. 1970) ruling that manslaughter has long been recognized as a lesser included offense of second-degree murder. *De Marias v. United States*, 487 F. 2d 19 (8th Cir. 1973) *cert.*

People v. Ronald Hatcher
Criminal SX-14-CR-131
Memorandum Opinion Denying's Defendant's Motion to Dismiss
P a g e | 13

2020 VI Super U24

*den.* 415 US 980 (1974) (finding that manslaughter is a necessarily included offense within the charge of murder so that a defendant could be convicted of voluntary manslaughter where he was charged with murder). *United States v. Celestine*, 510 F. 2d 457, 460 (9th Cir. 1975) (finding that manslaughter is recognized as a lesser included offense within second degree murder).

¶ 23. The Virgin Islands Courts have also adopted the basic general rule that voluntary manslaughter is a lesser included offense of the crime of murder. *Williams v. People of the Virgin Islands*, 64 VI 618, 621 (VI 2016). In *Williams*, the defendant argued that sudden quarrel or heat of passion was an element that must be proved for voluntary manslaughter and was not contained within the elements to prove second-degree murder. He argued further, that it is possible to commit second-degree murder without committing voluntary manslaughter. As a result, voluntary manslaughter is not a necessarily included offense of second-degree murder. The elements of sudden quarrel or heat of passion need not always be present to support a voluntary manslaughter verdict. *United States ex rel Matthews v. Johnson*, 503 F. 2d 339, 341 (3rd Cir. 1974). The jury has the power to find a defendant guilty of manslaughter as a lesser included offense even absent evidence of a sudden quarrel or heat of passion as long as the evidence was sufficient to convict the defendant of the greater offense. *Hughes v. People of the Virgin Islands*, 59 VI 1015 (VI 2013) *n. 4*. It follows, that although sudden quarrel is an element of voluntary manslaughter which need not be proved as an element of second-degree murder, that fact does not preclude it from being considered a lesser

People v. Ronald Hatcher
Criminal SX-14-CR-131
Memorandum Opinion Denying's Defendant's Motion to Dismiss
P a g e | 14

2020 VI Super 424

included offense. In *United States ex rel Matthews v. Johnson*, the Third Circuit stated:

> "While it is considered felonious, voluntary manslaughter is the least culpable form of homicide within a murder indictment. Thus when considering the degree of culpability of an individual being tried under such an indictment, a jury may return a voluntary manslaughter verdict if it finds that the killing, although intentional, was committed without malice; that is, the accused may be shown to have been acting under the influence of sudden passion which was caused by legally adequate provocation that placed him beyond the control of reason".

## Conclusion

An indictment or information charges all offenses necessarily included in the charged offense. The filing of an indictment or information tolls the statute of limitations which apply to lesser included offenses. An amended information violates the statute of limitations only if the amendment includes new charges. The Amendment of the Information to present the charge of Voluntary Manslaughter is not a new charge since voluntary manslaughter is a lesser included offense of the charge of Second-Degree Murder. Consequently, Hatcher was charged with Voluntary Manslaughter upon the original filing of the Information. Therefore, there are no statute of limitation issues which warrant dismissal. The Defendant's Motion to Dismiss is **DENIED**.

**DONE AND SO ORDERED** this 10th day of February 2020.

_____
**HONORABLE JOMO MEADE**
Judge of the Superior Court

ATTEST
**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk Supervisor

2/11/2020